LEMMON, Judge,
dissenting in part, concurring in part.
In my opinion Lenfant’s, Inc. was vicariously liable as the minor’s direct employer for his tort. On a similar fishing trip sponsored by the same company in 1976 Len-fant’s collected $100.00 for the boy’s services and paid him $80.00. The boy testified that the same arrangements prevailed for the 1977 trip at issue in this litigation, and Lenfant’s failed to produce its officer to dispute this assertion.[1] The fact that the bill did not contain a charge for the boy’s services is inconclusive, because the bill was prepared and rendered after the accident.
As to the issue of course and scope of employment, the boy at the time of the accident was engaged in a task directly related to his employment, that is, the preparation of food for the group. Had he ridden a bicycle to the store to obtain necessary supplies for food preparation, he still would have been regarded as pursuing his employer’s interest. The fact that he drove an automobile to the store does not detract from the purpose of the trip. Moreover, his employer should reasonably have foreseen that he might be required to run an errand *586 in connection with food preparation and presumably consented that he do so, either by walking or by borrowing a bicycle or automobile.
I would reverse the judgment and hold Lenfant’s liable.
As to the liability of the minor’s father, C.C. art. 2318 makes the father responsible for the damages occasioned by his minor child residing with him. This responsibility is based on the presumption of fault for the father’s not having supervised the minor in his care with sufficient strictness. 2 Plai-nol, Traité Élémentaire de Droit Civil, § 909 (La.St.L.Inst.Trans.1959). The responsibility ends when the child regularly lives elsewhere, because the presumption no longer obtains. This presumption, as all legal presumptions, should be interpreted strictly. Plainol, above. § 909A.
In the present case the minor regularly lived with his father, but at the time of the accident was working as a handiman on a four-day fishing trip. While driving on a mission connected with these duties, the minor was either a direct employee of Len-fant’s or a borrowed employee of or an agent for the company which sponsored the fishing trip, and one or the other (or perhaps both) would have been responsible for the minor’s tort if a third party had sustained damage in the accident. Since responsibility for the minor’s conduct rested in Lenfant’s or in the company which sponsored the trip, the father’s responsibility for his conduct was temporarily replaced by the responsibility of the enterprise, and the father should not be liable under these circumstances.

. This record simply does not provide credible evidence to support the assertions that the host engaged the boy’s services or that the compensation for services was to be paid directly by the host to the boy.